IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| GLENN D. FOSSETT d/b/a BLUFF CITY OFFICE FURNITURE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CORPORATE EXPRESS INC., | ) ) |
| Defendant. | ) ) |

No. 09-2321-STA

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
_____

Before the Court is Defendant Corporate Express, Inc.'s Motion to Dismiss (D.E. # 19) filed on November 25, 2009. Plaintiff has responded in opposition to Defendant's Motion. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

This matter was removed pursuant to 28 U.S.C. §§ 1441 due to the parties' diversity of citizenship. Plaintiff alleges in his Complaint that he and Defendant entered into a contract on or about September 7, 2006, whereby Plaintiff as a minority business owner was to furnish office furniture to Memphis, Light, Gas & Water ("MLGW"). Compl. 1. Defendant's contract with MLGW required that it sub-contract with minority business vendors for business furniture. *Id*. Defendant elected not to have Plaintiff provide goods "it has him under contract (sic)" and ignored the terms of its contract with MLGW by using companies which are not minority businesses. *Id*. Plaintiff further alleges that Defendant altered his contract by reducing the

1

percentage of his commission. *Id.* at 2. Plaintiff seeks $1.5 million in damages arising from Defendant's breach of these agreements. *Id.*

In its Motion to Dismiss, Defendant briefly argues that Plaintiff has failed to state a claim for relief because Plaintiff seeks enforcement of a contract to which he was not a party. Defendant contends that Plaintiff has no right to sue to enforce the terms of any agreement between Defendant and MLGW. In response, Plaintiff states that the Complaint properly alleges breach of contract in two ways. First, Defendant breached its contract with Plaintiff which specifically refers to Defendant's contract with MLGW. The contract between Defendant and MLGW is numbered 11109. Likewise, Defendant's sub-contract with Plaintiff refers to the same MLGW contract, 11109. Plaintiff argues that his contract with Defendant was "intertwined" with the MLGW contract. Second, Plaintiff has alleged that Defendant has breached its contract with Plaintiff by altering the amount of Plaintiff's commission. Plaintiff characterizes this second allegation as essentially an allegation of fraud. Plaintiff has attached as exhibits to its response a copy of Defendant's contract with MLGW and another document purporting to be Plaintiff's contract with Defendant.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1]

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5] The plausibility standard ensures that "a district court... retain[s] the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."[6] In this way, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court."[7] The Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim

---

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

[6] *Twombly*, 127 S. Ct. at 1967 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n. 17, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)).

[7] *Twombly*, 127 S. Ct. at 1966 (citations omitted).

to relief that is plausible on its face."[8]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[9]

## ANALYSIS

The Court's analysis under Rule 12(b)(6) is limited to the contents of the pleadings. Plaintiff has alleged that Defendant breached its contracts with MLGW and with Plaintiff. Plaintiff has attached to his response brief copies of what Plaintiff asserts are the agreements in question.  Fed.R.Civ.P. 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  While the copies of the contracts are not exhibits to the pleadings in this case, documents provided with a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims.[10]  Because the contracts are referred to in the Complaint and are central to Plaintiff's breach of contract claim, the Court will consider the contracts as part of the pleadings for purposes of its Rule 12(b)(6) analysis.

The Court holds that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Tennessee law.  Plaintiff has alleged that Defendant is liable to Plaintiff for the breach of a contract Defendant entered into with MLGW, a non-party to this suit.  Under

---

[8] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[9] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[10] *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Tennessee law, contracts are generally presumed to be executed for the benefit of the parties to the contract, not third parties.[11] Put another way, "a stranger to a contract has no right to sue for its breach, but an intended third-party beneficiary may enforce a contract provided the benefit flowing from the contract to that party was intended, not merely incidental."[12] In this case Plaintiff has alleged that Defendant is liable to Plaintiff for the breach of Defendant's contract with MLGW. Plaintiff has failed to allege that he was a party to the MLGW contract or that he was an intended third-party beneficiary to the MLGW contract. Therefore, Plaintiff has failed to state any claim for the breach of that contract.

In the alternative, Plaintiff has alleged that he was denied the commission provided for in his contract with Defendant. According to Plaintiff, exhibit A to his response brief is a copy of his contract with Defendant. Upon examination, the document Plaintiff has described as his contract with Defendant is an MLGW Minority, Women and Locally Owned Small Business Enterprise Assurance Statement for Subcontracting ("the Assurance Statement") dated April 3, 2006.[13] The Assurance Statement was addressed to MLGW and indicated that Defendant intended to utilize Plaintiff's services as a minority business "contingent upon the award of the contract" by MLGW to Defendant. The Assurance Statement listed Plaintiff's business address and telephone number and was signed by Plaintiff. Defendant certified in the Assurance

---

[11] *Owner Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc.,* 59 S.W.3d 63, 68 (Tenn. 2001).

[12] *Id.; Moore Constr. Co ., Inc. v. Clarksville Dep't of Elec.,* 707 S.W.2d 1, 9 (Tenn. Ct. App. 1985).

[13] *See* Pl.'s Resp. to Mot. Dismiss, ex. A.

Statement that the total dollar amount of the potential subcontract with Plaintiff was $10,000.[14]
The Assurance Statement concluded with the following language: "The [Defendant] will enter into a written agreement with [Plaintiff] contractor for the work described upon award and execution of a contract with [MLGW]." A representative of Defendant signed the Assurance Statement.

The Court finds that the Assurance Statement does not constitute an enforceable contract between Plaintiff and Defendant. Under Tennessee law, courts determining the terms of a contract are to ascertain the intent of the parties based on the ordinary and natural meaning of the words used in the instrument.[15] It is clear from the plain language of the Assurance Statement that it was not intended to be a binding contract between Plaintiff and Defendant spelling out each parties' rights and duties. The Assurance Statement specifically indicated that Defendant would enter into a written subcontract with Plaintiff only after MLGW awarded Defendant the general contract. The Court fails to see how the Assurance Statement could constitute a contract between Plaintiff and Defendant and at the same time include conditional language about Defendant's intention to form a contract with Plaintiff at a later time. Therefore, Plaintiff has failed to state a claim for relief based on this document.[16]

---

[14] This term alone raises a question about Plaintiff's prayer for damages in the amount of $1.5 million.

[15] *Guiliano v. Cleo, Inc.,* 995 S.W.2d 88, 95 (Tenn. 1999).

[16] Plaintiff has also argued that the Court should construe this allegation as a count of fraud. The Court finds Plaintiff's argument unpersuasive. Even if the Court were willing to accept Plaintiff's argument, the Complaint has failed to comply with Fed. R. Civ. P. 9(b) which requires a plaintiff to plead fraud with particularity. At a minimum plaintiff must allege "the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Power & Tel. Supply Co. v.*

The Court holds that Plaintiff has failed to state a claim for breach of contract. Defendant's Motion to Dismiss is hereby **GRANTED**.

    **IT IS SO ORDERED**.

                          **s/ S. Thomas Anderson**
                          S. THOMAS ANDERSON
                          UNITED STATES DISTRICT JUDGE

                          Date: January 7th, 2010.

---

*SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006).  Furthermore, "failure to plead an essential element of a claim of fraud warrants dismissal of a claim. . . ." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).